ALD-271                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3127
_____

CESAR GIOVANI URVINA GALLEGOS,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A035-916-181)
Immigration Judge:  Leo A. Finston
_____

Submitted on a Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 16, 2021
Before:  MCKEE, GREENAWAY, JR. and BIBAS, Circuit Judges

(Opinion filed: November 12, 2021)
_____

**OPINION**[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Cesar Giovani Urvina Gallegos petitions for review of an order of the Board of Immigration Appeals ("BIA"), which denied his motions to reconsider and to reopen his removal proceedings.[1] On the Government's motion, we will summarily deny the petition for review. See L.A.R. 27.4 (providing that we may take summary action on a case if no substantial question is presented).[2]

Urvina Gallegos is a citizen of Ecuador. He entered the United States as a lawful permanent resident in 1977. He was convicted of drug offenses in 2004 and was placed in removal proceedings, but the agency granted cancellation of removal. However, he was returned to removal proceedings after he committed another drug offense in 2014. An Immigration Judge ("IJ") ordered him removed to Ecuador and the BIA affirmed that order. We dismissed Urvina Gallegos's petition for review of that order for failure to prosecute. See C.A. No. 19-3190.

Urvina Gallegos filed a motion to reopen with the BIA in November 2019, arguing that his immigration counsel was ineffective. On February 13, 2020, the BIA denied the motion because Urvina Gallegos failed to meet the requirements, set out in In re Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988), for raising an ineffectiveness claim.[3] We denied

---

[1] The decision also denied his motion for a stay of removal. That aspect of the decision is not before us, but Urvina Gallegos has filed in this Court a motion for a stay of removal. As explained below, that motion is denied as moot.

[2] Although we have entertained the Government's motion, we remind the Government that such a motion typically should be filed before the petitioner's opening brief is due. See 3d Cir. LAR 27.4(b).

[3] In that same order, the BIA also denied as untimely a motion for reopen that Urvina Gallegos filed in January 2020. Urvina Gallegos did not challenge that portion of the order in the motions at issue here, so we will not mention it again.

his petition for review of that order, determining that he had forfeited any argument about the propriety of the BIA's denial of his November 2019 motion, and that in any event, the BIA had not abused its discretion in denying the November 2019 motion for failure to comply with Lozada's requirements. Urvina Gallegos v. Att'y Gen., 837 Fed. App'x 934, 936 (3d Cir. 2021) (not precedential, per curiam).

In the meantime, Urvina Gallegos filed with the BIA a motion to reconsider its February 13, 2020 order, which the BIA also construed as a motion to reopen. In his motion, he argued that his due process rights were violated when the IJ pressured him into withdrawing his application for a waiver of inadmissibility and that his attorney was ineffective for failing to aid him in pursuing such relief. A.R. 34. He also argued that his due process rights were violated when the IJ failed to "probe into relevant facts pertaining to family hardship" if Urvina Gallegos were returned to Ecuador. A.R. 36.

The BIA denied the motion for reconsideration. The BIA determined that Urvina Gallegos had forfeited any argument that the BIA's prior decision was incorrect, as he did not point out any error of fact or law in the BIA's prior decision to reject his motion to reopen for failing to comply with Lozada.[4] The BIA stated that Urvina Gallegos still had provided no evidence that he had informed his former counsel of the ineffectiveness charge or that he had given counsel a chance to respond. The BIA noted that Urvina Gallegos had submitted an affidavit explaining ways in which his attorney was

---

[4] The BIA also noted that Urvina did not challenge the BIA's prior determination that he is statutorily ineligible for a waiver of inadmissibility.

3

ineffective, this time adding that his attorney was ineffective in presenting his claims for asylum and related relief, see A.R. 40-42. But that did not sway the BIA, as Urvina Gallegos did not explain why he had failed to include that claim in his prior motion to reopen.

The BIA also denied Urvina Gallegos's request to reopen. The BIA recognized that Urvina Gallegos had included articles about country conditions in Ecuador, see A.R. 64-79, but it remarked that he had submitted that information before, and that he had not explained how the submitted information would affect his eligibility for asylum and related relief. A.R. 3. The BIA also acknowledged Urvina Gallegos's statements about the hardship that he and his family would face if he were removed. The BIA considered these statements as a request that it exercise its sua sponte authority to reopen his removal proceedings for "exceptional circumstances." Id. But the BIA declined relief, determining that the motion did not demonstrate exceptional circumstances. Id.

Urvina Gallegos timely petitioned for review.[5] Urvina Gallegos filed his opening brief, followed by a motion for a stay of removal. Dkt. ##14, 15. The Government

---

[5] As our Clerk explained in her February 4, 2021 order, Urvina originally filed his timely petition for review using the wrong case number, and filed a duplicate (untimely) petition for review using the proper number. As the petition for review bearing the current case number appeared to be untimely, the Clerk ordered responses regarding our jurisdiction. In its response, the Government requested that we dismiss the petition for review as untimely. Dkt. #7. But now that the Clerk has refiled the timely petition for review under the proper case number, the parties agree that the petition for review is timely, as do we. To the extent that the Government's Response is construed as a motion to dismiss the petition for review as untimely, the motion is denied.

responded with its Opposition to the Stay Motion and Motion for Summary Disposition, Dkt. #17.[6] Urvina Gallegos then filed a Response, Dkt. #20.

We have jurisdiction under 8 U.S.C. §1252. We review the denial of a motion to reconsider or reopen for abuse of discretion. B.C. v. Att'y Gen., No. 19-1408, 2021 WL 3891557, at *5 (3d Cir. Sept. 1, 2021). We agree with the Government that no substantial question is presented by Urvina Gallegos's petition for review, as the BIA did not abuse its discretion.[7]

To the extent that Urvina Gallegos's motion before the BIA was one for reconsideration, we agree that he failed to point out any error of fact or law in the BIA's prior decision. See Pllumi v. Att'y Gen., 642 F.3d 155, 160 (3d Cir. 2011) (citing 8 U.S.C. §1229a(c)(6)(C) and 8 C.F.R. §1003.2(b)(1) for the proposition that a motion for reconsideration "must claim 'errors of law or fact' in the BIA's prior decision and be supported by pertinent authority").[8] Urvina Gallegos presented some documentation to show that he had attempted to comply with the requirements of Lozada, but he did not show that the BIA had erred in initially denying his motion on that basis, nor did he show that he had

---

[6] The Government also requested that the briefing schedule be stayed pending disposition of its motion for summary action. The Clerk granted that portion of the motion.

[7] To the extent that Urvina is arguing that the IJ and BIA erred in denying his application for asylum and related relief, we lack jurisdiction to consider those arguments. The current petition for review is timely only as to the September 15, 2020 decision of the BIA—it is not timely as to the earlier order denying relief from removal. See 8 U.S.C. §1252(b)(1); Verde-Rodriguez v. Att'y Gen., 734 F.3d 198, 201 (3d Cir. 2013) ("A petition for review must be filed within thirty days of the final removal order.").

[8] Indeed, we have already held that the BIA did not abuse its discretion in denying the November 2019 motion to reopen. Urvina Gallegos, 837 Fed. App'x at 935–36.

5

completed the required steps at any time. And in any event, Urvina Gallegos still has not shown that he was prejudiced by his attorney's failure to pursue a waiver of inadmissibility—he has never disputed the BIA's conclusion that he is not eligible for such relief.

To the extent that Urvina Gallegos's motion sought reopening, the motion was time-barred and number-barred. See Liem v. Att'y Gen., 921 F.3d 388, 395 (3d Cir. 2019) (noting that under 8 U.S.C. § 1992a(c)(7) and 8 C.F.R. § 1003.2(c)(2), absent an exception for changed country conditions, a movant must file a motion to reopen within ninety days, and the movant is limited to one such motion). Urvina Gallegos did seek reopening in part to pursue his asylum application, but he did not show that he relied on changed conditions in Ecuador since the time of his merits hearing, which might have allowed him to overcome the time and number bars. See id. In fact, Urvina Gallegos submitted the same articles that he had submitted with a previous motion to reopen, and he did not explain how (or if) country conditions had changed.

Finally, to the extent that Urvina Gallegos was asking the BIA to exercise its sua sponte authority to reopen proceedings based on extraordinary circumstances, we lack jurisdiction to review the BIA's decision to decline to do so. See Pllumi, 642 F.3d at 159.

Because the BIA did not abuse its discretion in denying Urvina Gallegos's motions, we will summarily deny the petition for review. Urvina Gallegos's motion for a stay of removal is denied as moot in light of our disposition of his petition for review. See Catney v. INS, 178 F.3d 190, 196 n.9 (1999).[9]

---

[9] Urvina's motion to file a supplemental appendix is granted. We have considered the materials in the appendix, but they do not change our decision.